**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WESTLEY WILBERFORCE WRIGHT,

      Applicant,

      v.                                      No. CV 11-910 RB/CG

ERIC HOLDER, et al.,

      Respondents.

**<u>ORDER GRANTING MOTION TO APPOINT COUNSEL</u>**

**THIS MATTER** comes before the Court on Petitioner Westley Wilberforce Wright's *Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A).* (Doc. 5). Upon a review of the motion, the Court finds that counsel should be appointed in the interest of justice.

Petitioner claims to be a native of Montserrat, which is a British Overseas Territory. (Doc. 1 at 4, Doc. 5 at 1). Petitioner entered the United States in either 1999 or 2001 on a non-immigrant one year visa. (*Compare* (Doc. 1 at 6 *with* Doc. 10 at 2). Officials from Immigration and Customs Enforcement ("ICE") encountered Petitioner while he was incarcerated at Riker's Island in New York in 2010 and they initiated removal proceedings. (*Id.*). Petitioner told ICE officials that his name was Westley Wilberforce Wright and that he was a native of Jamaica. (*Id.*). Petitioner was ordered removed to Jamaica on March 31, 2011. (*Id.*; Doc. 10-5 at 1). Petitioner waived his appeal of that order. (Doc. 10 at 2).

Shortly after he was ordered removed to Jamaica, Petitioner informed ICE that his name was actually Sammy Love Montgomery and that he was a native of Montserrat, and not Jamaica. (Doc. 10 at 2; Doc. 10-8 at 1-2; Doc. 10-10 at 1-2). ICE then contacted both Jamaica and the United Kingdom regarding Petitioner's nationality. On June 23, 2011, the

British Consulate General declined to issue travel documents for Petitioner to return to Montserrat. (Doc. 10-10 at 1). The Jamaican Consulate General also declined to issue travel documentation on July 8, 2011. (*Id.* at 2). ICE claims that further investigation revealed that Petitioner had  consistently  lied about the presence and identity of family members with whom he resided in the United States. (Doc. 10 at 2; (Doc. 10-10 at 2). As a result, ICE issued Petitioner with a "Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g)" and ICE suspended the tolling of Petitioner's removal period. (Doc. 10-8 at 1-2).

Petitioner contends that he has cooperated fully with ICE officials and that his continued detention is in violation of *Zadvydas v. United States*, 533 U.S. 678 (2001). (Doc. 1 at 6). In *Zadvydas*, the Supreme Court held that detention of an alien for more than six months following the entry of a final order of deportation is presumptively unreasonable if there is no significant likelihood of removal in the near future. *Zadvydas*, 533 U.S. at 702. Petitioner has been held in custody for more than eight months since he was ordered removed and he claims that there is no significant likelihood of removal in the foreseeable future because the United Kingdom refuses to provide him with travel documents. (Doc. 1 at 10-11). Respondent counters that Petitioner's detention period under *Zadvydas* has been tolled because Petitioner failed to cooperate fully and truthfully in his removal proceedings. (Doc. 10 at 3-4) (citing 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended . . . if the alien fails or refuses to make timely application in good faith for travel or other documents . . . or acts to prevent the alien's removal subject to an order of removal.")

A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. *Snyder v. Ortiz*, 236 Fed. Appx. 465, 467 (10th Cir. 2007) (unpublished opinion) (citing 18 U.S.C. §3006A(a)(2)(b)). The Court recognizes that

generally speaking, there is no constitutional right to counsel beyond the direct appeal of a criminal conviction. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). However, appointment of counsel in habeas proceedings is left to the court's discretion. *Pride v. Herrera*, 28 Fed. Appx. 891, 895 (10th Cir. 2001); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). In this case, both parties agree that Petitioner has been held in custody for over eight months since he received a final order of removal and it does not appear likely that Petitioner will be removed in the near future. Therefore, the Court determines that the interests of justice warrant the appointment of counsel in this case.

**IT IS HEREBY ORDERED** that Petitioner's *Motion for Appointment of Counsel Pursuant to 18 U.S.C. § 3006(A)*, (Doc. 5), be **GRANTED** and that the Federal Public Defender be appointed to represent Petitioner.

**IT IS FURTHER ORDERED** that Petitioner's counsel shall have thirty days from the date of appointment to file a reply to Respondent's *Amended United States' Response to Petition for A Writ of Habeas Corpus*, (Doc. 10).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE